IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KATRINA BROCATO, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KILO KIJAKAZI, )<br>Acting Commissioner of the )<br>Social Security Administration, )<br>)<br>Defendant. ) | Case No. CIV–21–310–JAR |

**OPINION AND ORDER**

Plaintiff Katrina Brocato (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is **REVERSED** and the case is **REMANDED** for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if [her] physical or mental impairment or impairments are of such severity that [she] is not only

unable to do her previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (*quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the

---

[1] Step one requires the claimant to establish that she is not engaged in substantial gainful activity. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or her impairment *is not* medically severe, disability benefits are denied. If she *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, she is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that she lacks the residual functional capacity ("RFC") to return to her past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given her age, education, work experience, and RFC. Disability benefits are denied if the claimant can return to any of her past relevant work or if her RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800–01.

## Claimant's Background

The claimant was forty-four years old at the time of the administrative hearing. (Tr. 57). She possesses at least a high school education. (Tr. 44). She has worked as a stock clerk, nursery school attendant, eligibility worker, toy assembler, and injection molding machine tender. (Tr. 44). Claimant alleges that she has been unable to work since November 15, 2017, due to limitations resulting from CSF leak, high blood pressure, hearing loss, depression, anxiety/memory loss, headaches, and blurry vision. (Tr. 106).

## Procedural History

On April 4, 2019, Claimant protectively filed for disability insurance benefits pursuant to Title II (42 U.S.C. § 401, et seq.) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. After an administrative hearing, Administrative Law Judge Harold D. Davis ("ALJ") issued an unfavorable decision on November 17, 2020. Appeals Council denied review, so the ALJ's written opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. § 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He

determined that while Claimant suffered from severe impairments, she retained the residual functional capacity ("RFC") to perform light work with limitations.

## Error Alleged for Review

Claimant asserts the ALJ committed error in (1) improperly considering Claimant's RFC, (2) improperly evaluating the medical opinion evidence, (3) improperly considering the consistency of Claimant's subjective complaints, and (4) failing to include all of Claimant's limitations in the RFC and the hypothetical questioning of the vocational expert at step five

## Consideration of Medical Opinions

In his decision, the ALJ determined Claimant suffered from the severe impairments of cerebrospinal fluid leak status post-surgery, cardiac arrhythmia status post pacemaker, hypertension, spondylosis of the thoracic spine, low back pain syndrome, impaired hearing in the left ear, depression, and anxiety. (Tr. 34). The ALJ concluded that Claimant retained the RFC to perform light work. Specifically, the ALJ found that Claimant can only occasionally bend, stoop, and squat. Claimant cannot be exposed to loud noises or vibrations. The ALJ lastly opined that Claimant can only perform simple tasks with simple instructions and only incidental contact with the public. (Tr. 37).

After consultation with a vocational expert, the ALJ found that Claimant could perform the representative jobs of cleaner housekeeper, router, and routing clerk. (Tr. 45). As a result, the ALJ found Claimant was not under a disability from July 1, 2018, through the date of the decision. (Tr. 45).

Claimant next contends that the ALJ did not properly discuss and consider

the medical evidence, including altogether failing to address the medical opinion of Dr. Horton. Particularly, Claimant suggests that the ALJ picked and chose his way through the evidence citing only that which supported a finding that the consultative examiner's opinions were unpersuasive. For claims filed on or after March 27, 2017, medical opinions are evaluated pursuant to 20 C.F.R. §§ 404.1520c and 416.920c. Under these rules, the ALJ does not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s)[.]" 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, the ALJ evaluates the persuasiveness of all medical opinions and prior administrative medical findings by considering a list of factors. *See* 20 C.F.R. §§ 404.1520c(b), 416.920c(b). The factors are: (i) supportability, (ii) consistency, (iii) relationship with the claimant (including length of treatment relationship, frequency of examinations, purpose and extent of treatment relationship, and examining relationship), (iv) specialization, and (v) other factors that tend to support or contradict a medical opinion or prior administrative finding (including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements.") 20 C.F.R. §§ 404.1520c(c), 416.920c(c). Generally, the ALJ is not required to explain how the other factors were considered. *See* 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). However, when the ALJ finds that two or more medical opinions or prior administrative findings on

the same issue are equally well-supported and consistent with the record but are not exactly the same, the ALJ must explain how "the other most persuasive factors in paragraphs (c)(3) through (c)(5)" were considered. 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3).

Supportability and consistency are the most important factors in evaluating the persuasiveness of a medical opinion and the ALJ must explain how both factors were considered. *See* 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). The supportability factor examines how well a medical source supported their own opinion with "objective medical evidence" and "supporting explanations." 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). The consistency factor calls for a comparison between the medical opinion and "the evidence from other medical sources and nonmedical sources" in the record. 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2).

An ALJ continues to have the duty to evaluate every medical opinion in the record regardless of its source. *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004). He may not "pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence." *Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004); *see also Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007) (finding an ALJ "is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability"). If he rejects an opinion completely, the ALJ must give "specific, legitimate reasons" for doing so. *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003) (internal citations omitted).

Claimant first argues that the ALJ's assessment of Claimant's treating nurse practitioner, Krystal Huddleston, is improper. Among other things, Ms. Huddleston concluded that Claimant had limitations on carrying, lifting, pushing, pulling, and reaching overhead; should mostly avoid postural activities; and should avoid completely most environmental hazards. The ALJ rejected these limitations finding her opinion "not persuasive to the extent that they are offered to support finding the claimant more limited." (Tr. 42). The ALJ reasoned that at the time of the examination, Claimant was having no chest pains, and that overall Claimant had a normal coronary catherization and only mild thoracic spondylosis. (Tr. 42). However, this evidence is not representative of the record as a whole which shows, and the ALJ noted in his synopsis, multiple instances of complaints of chest pains and continuing cardiac problems. (Tr. 432, 469, 547, 696, 1170). It is clear that the ALJ did in fact pick and choose evidence citing only the parts favorable to nondisability in his rejection of Ms. Huddleston's report.

Further, Claimant correctly contends that the ALJ altogether failed to address the report of consultative examiner, Dr. Theresa Horton, which was contained in the record and he was clearly aware of as he mentioned this evidence as part of his step three analysis. (Tr. 36, 777–784). The ALJ erred in is consideration of the medical opinion evidence. On remand, the ALJ shall consider the opinions of the consultative and treating examiners in light of the medical evidence as a whole, not just that which is unfavorable to Claimant.

7

Further, the ALJ shall address the report of Dr. Horton that was presently omitted.

Given that this Court is reversing on the ALJ's improper consideration of the medical opinion evidence, it need not address the additional arguments at this time. However, on remand after conforming the consideration of the medical opinion evidence to applicable standards, the ALJ shall re-evaluate his step four and five analysis in accordance with any changes to his RFC determination.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge finds for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be and is **REVERSED** and the case be **REMANDED** for further proceedings.

**DATED** this 29th day of September, 2023.

_____
**JASON A. ROBERTSON**
**UNITED STATES MAGISTRATE JUDGE**